Mr. Chief Justice Hall
delivered the opinion of the Court.
The parties appear here in reverse order to their ap *555 pear anee in the trial court. We refer to the plaintiffs in error as defendants or sellers and to the defendant in error as plaintiff or purchaser.
On April 13, 1957, the parties signed a written contract for the purchase and sale of 1600 acres of land located in Kit Carson County, Colorado, at an agreed price of $56,000.00.
The contract, entirely silent on the questions involved in this suit, represents the entire agreement of the parties, who in their negotiations leading up to the signing of the contract were equally silent on the questions involved.
Pertinent provisions of the contract provide: That the sellers convey title to the land in fee simple, clear of all encumbrances whatsoever, reserving unto themselves an undivided one-half interest of the minerals on and under Section thirty-four (34) for twenty (20) years, or as long as production might exist, and deliver immediate possession to the buyer. Possession was given on April 13, 1957.
Examination of abstracts of title disclosed several defects in the title which were not remedied until November 20, 1957, at which time an additional payment, as provided by the contract, was made on the purchase price and the abstracts and deed were placed in the hands of a bank as escrow agent, all in conformity with the terms of the contract.
Prior to the execution of the foregoing contract, and on February 2, 1957, the sellers had executed an oil and gas lease covering Section 34 and had, according to their testimony, received as a bonus or rental for the first year the sum of $960.00. This lease was not recorded until January 2, 1958. The purchaser knew nothing of its existence at the time of the execution of the contract. The primary term of the lease was for ten years and the lease contained a deferred drilling clause calling for annual payments of $640.00.
It further appears from the record that the sellers had, *556 prior to the execution of the contract, placed a portion of the lands involved in the so-called “soil bank”; the effect of such action was to preclude the farming or other utilization of such lands for the calendar year 1957 and on account of which the government on August 15, 1957, paid to the sellers $2468.94.
Differences arose between the parties over the following questions: (1) Who was entitled to the 1957 soil bank payment? (2) What remuneration should the purchaser receive because of the land being encumbered by the oil lease?
Being unable to resolve their differences the purchaser brought this suit seeking relief in the nature of a declaratory judgment and accounting.
Trial was to the court. There was no conflict in the testimony except on one question and that was whether Section 34, being encumbered with the oil and gas lease, was enhanced or depreciated in value on account thereof.
On the soil bank payment of $2468.94 for the year 1957, the trial judge held that this calendar year payment should be divided between the parties in proportion to the part of the year 1957 that each owned the property. The court computed this amount to be $1748.83, and added interest thereon at 6% from August 15, 1957 (the date the sellers received the payment), in the amount of $174.88, making a total of $1923.71, which amount the court included in the judgment entered in favor of the purchaser and against the sellers.
On the question of the oil and gas lease the court held that the evidence failed to show that the existence of such lease rendered the section of land covered thereby less valuable or that the purchaser was entitled to any abatement in the purchase price or damages because of said lease. The court further found that the sellers had on February 6, 1957, received for said oil and gas lease a bonus of $720.00 and that the same was in the nature of annual rent or income and that it should be appor *557 tioned as of April 13, 1957, between the parties in the same manner as the soil bank monies, together with interest.
The court entered judgment adjusting payments due and other matters, the effect of which was to charge the sellers with these two items in the total amount of $2142.11. The sellers are here by writ of error seeking reversal.
The record clearly shows and the court properly held that the written contract, though making no mention of the above matters, represented the whole agreement of the parties and that neither party had waived or extended any rights granted under the contract.
Counsel for the sellers contends that in making the sale the sellers expressly reserved this soil bank payment to themselves. The trial court found that there was no evidence of such reservation. We fail to find in the record any evidence showing or tending to show that the seller ever intended to make or did make such a reservation.
The trial court, in treating the “soil bank” payment as an annual rental and apportioning it between the owners in proportion to the time each owned the property, gave to the contract a reasonable meaning. During the year 1957 neither party during their respective periods of ownership could make any gainful use thereof. The annual payment made on a calendar year basis was in return for giving up the use of the land. It was equitable to divide the full year’s return between the parties in proportion to such part of the year as each had been precluded from using it.
With reference to the oil and gas lease, the finding of the trial court apportioning the bonus ($720.00 instead of $960.00) or first year’s rental as of April 13, 1957, is, if anything, more favorable to the sellers than they could hope for. Just why the court required the sellers to account for a bonus of only $720.00, when their own testimony showed they had actually received *558 $960.00, does not appear. The sellers cannot complain of the fact that they may have been ordered to pay too little.
The purchaser’s title was encumbered for a period of ten years by the oil and gas lease, yet the court allowed the purchaser nothing because of this encumbrance and only required the sellers to pay to the purchaser his proportionate share of the bonus or first year’s rental.
We find no error prejudicial to the rights of the plaintiffs in error in the court’s findings or judgment.
The judgment is affirmed.
Mr. Justice McWilliams not participating.